# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CASE NO. 1:04 CR 538 |
| ) | |
| Plaintiff, ) | JUDGE DONALD C. NUGENT |
| ) | |
| v. ) | |
| ) | |
| WILLIS PROVITT, ) | MEMORANDUM OPINION |
| ) | AND ORDER |
| Defendant. ) | |

This matter comes before the Court upon Defendant, Willis Provitt's Motion to Reduce Sentence Under Section 404 of the First Step Act of 2018. (ECF # 54). The government filed a Response in Opposition to the motion, and Defendant filed a Reply. (ECF #57, 58). The matter is now ready for consideration.

In 2005 Mr. Provitt pled guilty to four counts of distributing more than 5 grams of crack cocaine, and one count of distributing more than 50 grams of crack cocaine. (ECF #29). As part of his plea agreement, Mr. Provitt admitted to distributing 27.57, 27.59, 27.80, 13.28, and 52.48 grams of cocaine base ("crack") in Counts One through Five, respectively. He also acknowledged that he could be considered a career offender, and agreed that he would be subject to a mandatory minimum term of twenty years imprisonment. (ECF #29). After all applicable enhancements and adjustments, his total offense level was 33, and his guideline range was 235-293 months. By operation of the twenty year statutory mandatory minimum, that range became

240-292 months. The Court sentenced him to 250 months, with ten years of supervised release.

In August of 2008, Mr. Provitt petitioned the Court for a Retroactive Application of the Sentencing Guidelines. The retroactive changes did not apply to Mr. Provitt's case, however, because he had been sentenced as a career offender, and his motion was denied. (ECF #41, 43). That denial was upheld on appeal. (ECF #50, 51).

On December 21, 2018, the First Step Act of 2018 was signed into law. Section 404 of the Act provides that a court that imposed a sentence for a covered offense may, on motion of the defendant. . . impose a reduced sentence as if sections two and three of the Fair Sentencing Act of 2010 were in effect at the time the covered offense was committed. However, no court shall entertain a motion made under section 404 if the sentence was previously imposed or reduced in accordance with sections two and three of the Fair Sentencing Act, or if prior request made under this section was denied after a complete review on the merits. Reductions are not mandatory, but are left to the discretion of the sentencing judge. See, Pub. L. No. 115-391, Title IV, § 404, Dec. 21, 2018.

Both parties agree that if the Fair Sentencing Act had been in place at the time of Mr. Provitt's original sentencing, his mandatory minimum sentence would have been reduced. They also agree that his maximum sentence would have remained life imprisonment, and that his term of supervised release on Counts One through Four should be amended to six years, and his term of supervised release on Count Five should be amended to eight years. The government argues, however, that Mr. Provitt's term of imprisonment should not be reduced because his sentence was based on the guideline range that corresponded to his total offense level and criminal history category, which have not changed, and was not affected by the mandatory minimum in place at

the time. The Court agrees with this assessment.

Mr. Provitt's sentence is the same sentence that this Court would have imposed regardless of whether the mandatory minimum had been ten years or twenty years at the time of sentencing. The original guideline range applicable to his case (235-293 months) has not changed. The sentence imposed was not based on the applicable mandatory minimum statutory sentence but on all of the facts and circumstances of the case, the Court chose a mid-range sentence within the guidelines that exceeded the mandatory minimum statutory sentence of 240 months. His sentence is justified by a variety of considerations previously set forth in the plea agreement and discussed at Mr. Provitt's original sentencing. Further, the upper end of the statutory maximum applicable to Mr. Provitt's case has not changed. Therefore, no reduction in his term of incarceration is warranted.

Mr. Provitt argues that the Court should reconsider his applicable guideline range, based not upon the provisions of the First Step Act or Fair Sentencing Act changes, but based on an alleged change in "community standards" relating to Mr. Provitt's offense. According to Mr. Provitt his guideline offense level was increased from 34 to 37 based on his prior history of "serious drug felonies," and those prior offenses, if considered today, no longer qualify as predicate offenses for this enhancement. However, Mr. Provitt cannot argue that any such change to the definition of a "serious drug felony" was made retroactive by the legislature or the Sentencing Commission.

This Court has retroactively applied subsequently recognized Constitutional rights when determining whether a sentencing reduction is warranted in a First Step Act case. In doing so, it relied on the United State Supreme Court's position that the determination of retroactivity does

not alter the existence or "temporal scope of a newly announced [Constitutional] right." *Danforth v. Minnesota*, 552 U.S. 264, 271 (2008). In other words, it recognizes that newly announced constitutional rights are rights guaranteed by the Constitution, and, have existed under the Constitution, even before they were formally recognized by the courts. The Court found that it should not perpetuate the application of an unconstitutional practice when determining a new sentence that complies with the First Step Act's directives. This reasoning does not extend, however, to the application of subsequent legislative or administrative changes that were not constitutionally mandated, and which the enacting body chose not to make retroactive.

For all of the reasons set forth above, Mr. Provitt's Motion to Reduce Sentence Under Section 404 of the First Step Act is Granted in Part, and Denied in Part. Mr. Provitt's sentence is hereby amended to reflect that he is subject to a six year term of supervised release on Counts One through Four, and an eight year term of supervised release on Count Five. All other aspects of his original sentence remain intact. IT IS SO ORDERED.

/s/ Donald C. Nugent
DONALD C. NUGENT
United States District Judge

DATED: June 20, 2019